# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GERALD MCDONOUGH,** : <br> : <br> **Plaintiff,** : <br> : <br> v. : <br> : <br> **UGL UNICCO, ED ANDREWS, SAL** : <br> **RUGGIERO, TRUSTEES OF THE** : <br> **UNIVERSITY OF PENNSYLVANIA,** : <br> **JAMES BEAN, AND BILL** : <br> **CHENOWETH,** : <br> : <br> **Defendants.** : <br> : <br> : | Civil Action No. |

## NOTICE OF REMOVAL TO FEDERAL COURT

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1331, 1367, and 1441, Defendants UGL Unicco, Ed Andrews, Sal Ruggiero,[1] Trustees of the University of Pennsylvania, James Bean, and Bill Chenoweth, by and through undersigned counsel, hereby jointly remove this action from the Court of Common Pleas of Philadelphia County, Pennsylvania and, in support thereof, aver as follows:

1. On February 9, 2009, Plaintiff Gerald McDonough ("Plaintiff") initiated this matter by filing a Praecipe for Writ of Summons on Defendants UGL Unicco, Ed Andrews, and Sal Ruggiero (collectively, the "UGL Unicco Defendants") in the Court of Common Pleas of Philadelphia County, Pennsylvania (the "State Court"). A true and correct copy of the Praecipe for Writ of Summons is attached hereto as Exhibit "1".

---

[1] Defendant Sal Ruggiero was incorrectly identified in the Complaint's Caption as Sal Ruggerio.

2. On May 22, 2009, the State Court entered a Case Management Order. A true and correct copy of the Case Management Order is attached hereto as Exhibit "2".

3. On June 19, 2009, Defendant UGL Unicco filed a Praecipe for Rule to File Complaint. A true and correct copy of the Praecipe for Rule to File Complaint is attached hereto as Exhibit "3".

4. Plaintiff filed a Complaint in the State Court on August 4, 2009, asserting state law claims against the UGL Unicco Defendants for wrongful interference with employment relationship and intentional infliction of emotional distress. A true and correct copy of the Complaint is attached hereto as Exhibit "4".

5. On August 5, 2009, Defendant UGL Unicco filed a Motion for Extraordinary Relief. A true and correct copy of the Motion for Extraordinary Relief is attached hereto as Exhibit "5".

6. On August 25, 2009, the State Court issued an Order denying as moot Defendant UGL Unicco's Motion for Extraordinary Relief. A true and correct copy of the Order is attached hereto as Exhibit "6".

7. On August 31, 2009, the State Court entered a Case Management Order, attached hereto as Exhibit "7".

8. The UGL Unicco Defendants filed Preliminary Objections to Plaintiff's Complaint on September 3, 2009. A true and correct copy of the Preliminary Objections to Plaintiff's Complaint is attached hereto as Exhibit "8".

9. On September 4, 2009, Plaintiff filed a Motion to Compel regarding discovery responses. A true and correct copy of the Motion to Compel is attached hereto as Exhibit "9".

10. On September 8, 2009, the UGL Unicco Defendants filed a Motion for Protective Order. A true and correct copy of the Motion for Protective Order is attached hereto as Exhibit "10".

11. On September 15, 2009, the UGL Unicco Defendants filed a Praecipe to Substitute/Attach Verification. A true and correct copy of the Praecipe to Substitute/Attach Verification is attached hereto as Exhibit "11".

12. Plaintiff filed an Amended Complaint in the State Court on September 23, 2009, asserting state law claims against the UGL Unicco Defendants for wrongful interference with contractual relationship and intentional infliction of emotional distress. A true and correct copy of the Amended Complaint is attached hereto as Exhibit "12".

13. On September 23, 2009, the State Court entered an Order denying the Motion for a Protective Order of the UGL Unicco Defendants. A true and correct copy of the Order is attached hereto as Exhibit "13".

14. On October 27, 2009, the UGL Unicco Defendants filed Preliminary Objections in response to Plaintiff's Amended Complaint. A true and correct copy of the Preliminary Objections to Plaintiff's Amended Complaint is attached hereto as Exhibit "14".

15. Plaintiff filed a Motion to Compel for Sanctions on November 12, 2009. A true and correct copy of Plaintiff's Motion to Compel for Sanctions is attached hereto as Exhibit "15".

16. On November 16, 2009, Plaintiff filed an Answer to the Preliminary Objections of the UGL Unicco Defendants to the Amended Complaint. A true and correct copy of Plaintiff's Answer is attached hereto as Exhibit "16".

17. On December 30, 2009, the State Court entered an Order overruling the Preliminary Objections of the UGL Unicco Defendants to the Amended Complaint. A true and correct copy of the Order is attached hereto as Exhibit "17".

18. The UGL Unicco Defendants filed Preliminary Objections to Plaintiff's Amended Complaint on January 6, 2010. A true and correct copy of the Preliminary Objections of the UGL Unicco Defendants to Plaintiff's Amended Complaint is attached hereto as Exhibit "18".

19. On January 26, 2010, Plaintiff filed Preliminary Objections to the UGL Unicco Defendants' Preliminary Objections to Plaintiff's Amended Complaint and an Answer to the UGL Unicco Defendants' Preliminary Objections. A true and correct copy of Plaintiff's Preliminary Objections is attached hereto as Exhibit "19". A true and correct copy of Plaintiff's Answer is attached hereto as Exhibit "20".

20. On February 16, 2010, the UGL Unicco Defendants filed an Answer in Opposition of Plaintiff's Preliminary Objections. A true and correct copy of the Answer is attached hereto as Exhibit "21".

21. On March 11, 2010, Plaintiff filed a Notice of Intent to Serve a Subpoena to Produce Documents and Thins [sic] for Discovery pursuant to Rule 4009.21. A true and correct copy of the Notice is attached hereto as Exhibit "22".

22. On March 18, 2010, the State Court overruled the UGL Unicco Defendants' Preliminary Objections without prejudice and ordered the UGL Unicco Defendants to answer Plaintiff's Amended Complaint. A true and correct copy of the Order is attached hereto as Exhibit "23".

23. On March 24, 2010, Plaintiff filed a Notice of Intent to Serve a Subpoena to Produce Documents and Thins [sic] for Discovery pursuant to Rule 4009.21. A true and correct copy of the Notice is attached hereto as Exhibit "24".

24. On April 2, 2010, Plaintiff filed a Praecipe for Writ of Summons to Join Additional Defendants James Bean, Bill Chenoweth, and Trustees of the University of Pennsylvania in the State Court. A true and correct copy of the Praecipe to Issue Writ to Join Additional Defendants is attached hereto as Exhibit "25".

25. On April 13, 2010, the UGL Unicco Defendants filed an Answer to Plaintiff's Amended Complaint. A true and correct copy of the Answer to Plaintiff's Amended Complaint is attached hereto as Exhibit "26".

26. Defendants Bill Chenoweth and James Bean received notice of the Praecipe to Issue a Writ to Join Additional Defendants on April 28, 2010. Defendant Trustees of the University of Pennsylvania received notice of the Praecipe to Issue a Writ

to Join Additional Defendants on April 29, 2010. A true and correct copy of the Affidavit of Service of Summons is attached hereto as Exhibit "27".

27. Plaintiff filed a Motion to Compel Answers and Production of Documents on May 5, 2010. A true and correct copy of the Motion to Compel is attached hereto as Exhibit "28".

28. Plaintiff filed a Motion for Extraordinary Relief on May 14, 2010. A true and correct copy of the Motion for Extraordinary Relief is attached hereto as Exhibit "29".

29. On May 19, 2010, the State Court ordered that Plaintiff's Preliminary Objections to the UGL Unicco Defendants' Preliminary Objections were moot. A true and correct copy of the Order is attached hereto as Exhibit "30".

30. On May 20, 2010, the State Court granted Plaintiff's Motion to Compel and ordered the UGL Unicco Defendants to respond to Plaintiff's discovery requests. A true and correct copy of the Order is attached hereto as Exhibit "31".

31. On May 25, 2010, Plaintiff filed a Motion for Leave to file a Second Amended Complaint, asserting state law claims for wrongful interference with a contractual relation against the UGL Unicco Defendants and for wrongful termination in violation of public policy against all Defendants. In the Second Amended Complaint, Plaintiff also asserted federal law claims under the Family Medical Leave Act, 29 U.S.C. §2601 *et seq*. ("FMLA") against all Defendants. A true and correct copy of the Motion

for Leave to file Plaintiff's Second Amended Complaint is attached hereto as Exhibit "32".

32. Defendants Trustees of the University of Pennsylvania, Bill Chenoweth, and James Bean received notice of the Motion for Leave to file Plaintiff's Second Amended Complaint on or about May 28, 2010.

33. The UGL Unicco Defendants received notice of the Motion for Leave to file Plaintiff's Second Amended Complaint on May 25, 2010.

34. On June 2, 2010, the UGL Unicco Defendants filed a Response to Plaintiff's Motion for Leave to File Plaintiff's Second Amended Complaint. A true and correct copy of the Response to Plaintiff's Motion for Leave to File Plaintiff's Second Amended Complaint is attached hereto as Exhibit "33".

35. On June 7, 2010, the State Court ordered a sixty (60) day extension to the discovery deadline. A true and correct copy of the Order is attached hereto as Exhibit "34". Exhibits 1-34 constitute all process pleadings and other orders served upon Defendants in this action.

36. Pursuant to 28 U.S.C. § 1331, this Court has original federal question jurisdiction over Plaintiff's FMLA claims. 28 U.S.C. § 1331.

37. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's state law claims because they are so related to Plaintiff's federal claims that they form part of the same case or controversy.

38. For the foregoing reasons, removal of the state court action to this Court is appropriate pursuant to 28 U.S.C. § 1441(b).

39. Defendants have filed this Notice of Removal within thirty (30) days after receiving notice of the Second Amended Complaint, in which Plaintiff first alleged claims under the FMLA and from which Defendants could first ascertain that the case was removable. Accordingly, this Notice is timely under 28 U.S.C. § 1446(b).

WHEREFORE, Defendants Trustees of the University of Pennsylvania, Bill Chenoweth, James Bean, UGL Unicco, Sal Ruggiero, and Ed Andrews hereby jointly remove this Action from the Court of Common Pleas of Philadelphia County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

Dated: June 24, 2010
/s/ Michael J. Eagles
Michael J. Eagles, Esquire
PA I.D. No. 82641
Lauren Fox, Esquire
PA I.D. No. 203807
Harrison Lee, Esquire
PA I.D. No. 208897
BLANK ROME LLP
One Logan Square
Philadelphia, PA 19103
(215) 569-5500

Attorneys for Defendants
Trustees of University of Pennsylvania,
James Bean, and Bill Chenoweth

/s/ Thomas J. Gregory
Thomas J. Gregory, Esquire
PA I.D. No. 38104

O'Connor Kimball, LLP
Two Penn Center Plaza, Suite 1100
1500 J.F.K. Boulevard
Philadelphia, PA 19102

Attorneys for Defendants
UGL Unicco, Ed Andrews, and Sal Ruggiero

# CERTIFICATE OF SERVICE

I, Michael J. Eagles, hereby certify that a true and correct copy of the foregoing Notice of Removal was served this 24th day of June, 2010, via Federal Express, upon the following:

>   Thomas More Holland, Esq.
>   Law Offices of Thomas More Holland
>   Grace Hall
>   1522 Locust Street
>   Philadelphia, PA 19102
>   Attorney for Plaintiff

/s/ Michael J. Eagles
Michael J. Eagles