IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GERALD MCDONOUGH, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> UGL UNICCO, ED ANDREWS, : <br> SAL RUGGIERO, TRUSTEES : <br> OF UNIVERSITY OF : <br> PENNSYLVANIA, JAMES BEAN, : <br> and BILL CHENOWETH, : <br> : <br> Defendants. : | CIVIL ACTION <br> NO. 10-3064 |

## MEMORANDUM OPINION

**RUFE, J.**                                                                                                                 February 8, 2011

Before the Court is a Motion for Partial Dismissal by Defendants Trustees of the University of Pennsylvania ("UPenn"), James Bean, and Bill Chenoweth [doc. no. 3]. Before the Court may decide this motion, it must satisfy itself that it has subject matter jurisdiction over this case.[1] Because this Court concludes it does not have subject matter jurisdiction, it will remand this case to state court[2] and dismiss the pending motion as moot.

On June 24, 2010, Defendants UGL UNICCO, Ed Andrews, Sal Ruggiero, UPenn, Bean, and Chenoweth removed this matter from the Philadelphia County Court of Common Pleas on the grounds that Plaintiff Gerald McDonough's Second Amended Complaint provides this Court

---

[1] Employers Ins. of Wausau v. Crown Cork & Seal Co., Inc., 905 F.2d 42, 45 (3d Cir. 1990).

[2] See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the court lacks subject matter jurisdiction, the case shall be remanded.").

with subject matter jurisdiction pursuant to 28 U.S.C. § 1331.[3] The Second Amended Complaint added new defendants as well as federal claims under the Family and Medical Leave Act ("FMLA").[4] Plaintiff's First Amended Complaint had alleged exclusively state claims[5] and Defendants did not seek to remove it to federal court. When Defendants removed the Second Amended Complaint, Plaintiff did not move for remand. Defendants UPenn, Bean, and Chenoweth then filed a Motion for Partial Dismissal, seeking to dismiss one of the state claims against them.[6] Plaintiff's Response in Opposition, which attached the state court docket report as an appendix,[7] informed this Court that the state court had never granted Plaintiff's motion for leave to file the Second Amended Complaint before Defendants removed it.[8] Defendants did not contest, much less address, that contention in their Reply.

Upon review of the state court docket, the Court finds that Plaintiff is correct. Plaintiff filed his original complaint in the Court of Common Pleas of Philadelphia County on August 4, 2009, stating claims for wrongful interference with an employment relationship and intentional infliction of emotional distress against Defendants UGL UNICCO, Ruggiero, and Andrews.[9]

---

[3] See Notice of Removal [doc. no. 1] ¶ 36 & Ex. 32.

[4] See id. ¶¶ 31, 36 & Ex. 32 (Motion for Leave to File Second Am. Compl.).

[5] See id. Ex. 12 (First Am. Compl.).

[6] Doc. no. 3.

[7] This Court may take judicial notice of the record from a state court proceeding. Schafer v. Decision One Mortgage Corp., No. 08-5653, 2009 WL 1532048, at *3 (E.D. Pa. May 29, 2009).

[8] Pl.'s Resp. in Opp'n [doc. no. 6] at 1 & Ex. A (state court docket report).

[9] See Notice of Removal, Ex. 4 (Compl.).

After those Defendants filed their Preliminary Objections on September 3, 2009,[10] Plaintiff filed his First Amended Complaint on September 22, 2009.[11] Months later, on May 25, 2010, after the time period for amending as of right pursuant to Rule 1028(c)(1) of the Pennsylvania Rules of Civil Procedure had passed, Plaintiff sought leave to file a Second Amended Complaint pursuant to Rule 1033.[12] Plaintiff's Second Amended Complaint proposed to add Defendants UPenn, Bean, and Chenoweth, as well as to add new claims for wrongful termination and federal FMLA violations.[13] On June 2, 2010, Defendants UGL UNICCO, Ruggiero, and Andrews filed a response in opposition to Plaintiff's motion to amend in state court, asserting *inter alia* that the proposed federal claims were time barred.[14] The state court did not rule on Plaintiff's motion for leave to amend prior to Defendants' removal of the case to this Court on June 24, 2010.[15]

Because the First Amended Complaint did not state federal claims,[16] and the state court never granted leave to file the Second Amended Complaint including federal claims, the Court must address whether, under these circumstances, removal prior to receipt of permission to amend deprives this Court of subject matter jurisdiction over the case. This Court concludes it

---

[10] See id. Ex. 8 (Prelim. Objections).

[11] See id. Ex. 12.

[12] See id. ¶¶ 8, 12 (noting Plaintiff filed his first Amended Complaint on September 23, 2009, and Defendants filed Preliminary Objections on October 27, 2009). Rule 1028(c)(1) of the Pennsylvania Rules of Civil Procedure permits amendment as of right only within 20 days of the filing of Preliminary Objections. Pa. R. Civ. P. 1028(c).

[13] See id. Ex. 32 (Mot. for Leave to File Second Am. Compl.).

[14] See Notice of Removal, Ex. 33 (Defs.' Mem. in Opp'n to Mot. to Amend).

[15] See Pl.'s Resp. Ex. A.

[16] No party has contended that the parties in the First Amended Complaint were completely diverse.

3

does. It must therefore remand this case to state court for further proceedings.[17]

Though some courts have held that a complaint becomes removable upon mere notice of a *motion* for leave to amend that, if granted, would provide federal subject matter jurisdiction over the matter, this is the minority view.[18] While the Third Circuit has not yet addressed this question, this Court finds the better rule (and the majority view) is that an amended complaint that would provide a basis for subject matter jurisdiction does not become removable until the motion to amend is granted and the amended complaint becomes effective.[19] Under 28 U.S.C. § 1446(b), where a case is not initially removable, a defendant may timely remove only after receiving "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which *is or has become* removable"[20]—not one that *may* become removable. And a *proposed* amended complaint that on its face would provide a basis

---

[17] See 28 U.S.C. § 1447(c).

[18] Jackson v. BlueCross & Blueshield of Ga., No. 08-49, 2008 WL 4862686, at *3 (M.D. Ga. Nov. 10, 2008) (citing cases and concluding this is the minority view); Hibbs v. Consolidation Coal Co., 842 F. Supp. 215, 217 (N.D. W.Va. 1994) (same).

[19] See, e.g., Freeman v. Blue Ridge Paper Prods., Inc. 551 F.3d 405, 410 (6th Cir. 2008) (concluding the "better view . . . is that the time limit [to remove] begins to run from the actual and effective amendment of the complaint"); Sullivan v. Conway, 157 F.3d 1092, 1094 (7th Cir. 1998) (Posner, J.) ("Until the state judge granted the motion to amend . . . . the complaint did not state a federal claim."); Jackson, 2008 WL 4862686 at *3 ("Until the superior court judge grants Plaintiff's motion to amend her Complaint, there is no basis for removal because until then, Plaintiff's Complaint does not state a federal claim."); Torres v. Chevron U.S.A., Inc., No. 04-2523, 2004 WL 2348274, at *2 (N.D. Cal. Oct. 18, 2004) (remanding because state court had not acted on motion to amend to assert federal claim prior to removal); Rogers v. Humanscale Corp. No. 04-2592, 2004 WL 1813282, at *2 (E.D. Pa. July 14, 2004) (remanding *sua sponte* because state court had not acted on motion for leave to amend). Cf. Savilla v. Speedway SuperAmerica, LLC, 91 F. Appx. 829, 831–32 (4th Cir. 2004) (removal was not premature where defendant removed on same day as state court granted leave to amend complaint to add federal claims).

[20] 28 U.S.C. § 1446(b).

for subject matter jurisdiction does not *become* removable until it becomes the operative complaint in the case. Where leave to amend is required, an amended complaint cannot be operative until that leave has been granted. Simply put, in federal court, there is simply no such thing as "contingent" subject matter jurisdiction.[21]

Thus where the First Amended Complaint asserts only state claims, there is no diversity jurisdiction, Plaintiff needs permission to file the Second Amended Complaint, Defendants have opposed the motion for leave to amend on the grounds that the federal claim was time-barred, and the state court never granted leave to amend, the case is not yet removable and the Court lacks subject matter jurisdiction. The Court notes that restraint is particularly important in this case where pro forma approval of Plaintiff's motion to amend cannot be assumed given Defendants' opposition to the very claims that would give rise to federal jurisdiction and for reasons that could very well lead to denial of Plaintiff's motion. Despite Rule 1033's permissive approach to amending to add new claims, state courts must deny such motions where the new claims are time-barred.[22] Unless and until the state court grants Plaintiff's motion for leave to amend and that amended complaint becomes effective, the operative complaint in this matter—the First Amended Complaint—simply does not state a federal claim or otherwise give rise to federal jurisdiction.

Accordingly, this Court finds it lacks subject matter jurisdiction over this matter and this matter will be remanded to state court. An appropriate Order follows.

---

[21] See Sullivan, 157 F.3d at 1094.

[22] See, e.g., Chaney v. Meadville Med. Ctr., 912 A.2d 300, 303–04 (Pa. Super. Ct. 2006).